BOARD OF INTERNATIONAL IMPROVEMENT *v.* J. V. HALL & WIFE.

**Master and Servant—Liability for Willful and Tortious Acts of Servant— Ratification.**

The master is not usually liable for the willful and tortious act of his servant. He is non-liable where the party injured is a stranger unless the act was directed to be done or afterwards ratified by the master.

**Same.**

The rule is different where the relationship between the master and the party injured is such as implies a contract that no injury shall be inflicted by the servant.

**Same.**

The appellant was the owner of a turnpike road upon which the appellee habitually traveled. **Held,** That the law implies a contract upon the part of those traveling on this road to pay the lawful tolls charged, and it also implies a contract upon the part of the appellant that such persons shall not be insulted or outraged by the persons employed to collect these tolls.

APPEAL FROM FRANKLIN CIRCUIT COURT.

January 16, 1872.

OPINION OF THE COURT BY JUDGE LINDSAY:

The master is not usually liable for the willful and tortious act of his servant. He is never liable where the party injured

is a stranger, unless the act complained of was done by the servant, while acting within the scope of his employment, or where the act was directed to be done, or afterwards ratified by the master.

The rule is different, however, where the relationship existing between the master and the party injured, is such as to raise, by implication of law, a contract that such injury shall not be inflicted by the servant. The doctrine was carried over further than this in the case of Hawkins & Co. vs. Riley, 17 B. Monroe, 101. In that case the party complaining was a stranger to the employers of the servant, who was guilty of a willful wrong, yet they were held to be liable for punitive damages.

In this case the appellant, the Board of Internal Improvements, is the owner of a turnpike road, upon which the appellees habitually traveled. The public were invited to use this road. The law implies a contract upon the part of those traveling on this road to pay the lawful tolls charged by the board. It also implies upon the part of the Board a contract that such persons shall not be insulted or outraged by the persons employed to collect these tolls. If this implied contract is violated, the party injured may recover in any state of case the actual damages sustained, and if the board ratifies the tortious act of the serv-ant, may recover exemplary damages. Goddard v. Grand Trunk Railway Co., and Shirley v. Billings, 8th Bush, ——.

The cases relied upon by appellants do not in our opinion conflict with this doctrine.

The petition alleges that French was at the time of his tortious act complained of, gate keeper, and that he was still so employed when the suit was instituted, more than four months afterwards. From this continued employment a ratification of the act may be implied. In such a case both the servant and employers were liable for exemplary damages. Hence there is no good reason why, under our system of pleading they might not be jointly sued.

The instructions given at the instance of appellees are in substantial conformity to this view of the law. Instruction H given for appellant was more favorable than it should have been. Instruction B was properly refused. French could not escape the consequences of his carelessness, although he may not have acted willfully. We cannot determine that the weight of evidence is against the finding of the jury.

Appellees did not ask for separate damages on account of the injury to the buggy. They merely stated the amount of the actual injury to that vehicle. Their prayer was for a gross amount as damages for both the injury to person and property. We therefore do not regard the failure of the court to tell the jury that they could not find greater damages, for the injury to the buggy, than the amount alleged in the petition, as such an error as will authorize a reversal.

Judgment affirmed.

*James, for appellant.*
*Lindsey, for appellees.*